Willie Berryhill, a full-blood Creek Indian, died in the month of September, 1922, a resident of Creek county; an administrator was appointed, and thereafter filed his final account and prayed for distribution of the estate. After notice the court found appellees to be the sole and only heirs of the deceased, Willie Berryhill, and entered decree of distribution on October 19, 1923. Thereafter, Mary Kelly filed suit in the district court of Tulsa county in ejectment to recover an alleged interest in that portion of the allotment of deceased situated in Tulsa county. Whereupon appellees filed in the county court of Creek county an application to have Mary Kelly brought in as a claimant of an interest in the said estate. Mary Kelly appeared in said county court, filed her amended answer claiming to be a widow of Willie Berryhill, deceased, and alleged that the aforesaid decree of distribution was invalid for fraud. The county court adjudged that Mary Kelly was not the wife of Willie Berryhill, deceased, and that there was no fraud in connection with the proceedings or decree of distribution theretofore entered.
Mary Kelly appealed to the district court, and the district court adjudged that it was unnecessary to pass upon the question whether the decree of distribution was binding upon Mary Kelly; that Mary Kelly was not married to Willie Berryhill, deceased, by common-law marriage or otherwise, and, therefore, she had no right, title, or interest in the estate of Willie Berryhill, deceased, and found that appellees were the sole and only heirs of Willie Berryhill, deceased. Therefrom Mary Kelly prosecutes this appeal.
There is but one question before us, and that is whether the judgment is supported by the evidence. There is a sharp conflict in the testimony. The rule is stated in Smith v. Lindsey, 91 Okla. 8, 215 P. 791:
"Where the questions of marriage and legitimacy of children are involved as the basis of plaintiff's right to recover, and the testimony as to the marriage is conflicting, and such as reasonable men would draw different conclusions therefrom, this court will not disturb the verdict of the jury or findings of fact by the court below." Reaves v. Reaves, 15 Okla. 240,82 P. 490.
The fact is undisputed that deceased was married to Alta Owens on April 27, 1912; prior thereto, and in March, 1908, he was married to Becky Fox, from whom he was divorced; the divorce decree became effective March 5, 1912.
The contention of appellant is that she and deceased were living together, and when the impediment was removed by the divorce decree becoming effective, that then a common-law marriage status came into existence, which date, according to the admitted facts, would be after March 5, 1912, and prior to April 27, 1912, when deceased was married to Alta Owens.
This cause was argued to this court en banc, the contradictory evidence is pointed out in able briefs presented, and withal, and without extending our review of the evidence further, we conclude from our study of the evidence that the weight thereof is not contrary to the judgment rendered below.
Judgment affirmed.
BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, CLARK, and HEFNER, JJ., concur. *Page 286